Justice Stevens,
concurring in part and dissenting in part.
While I join Part II of the Court’s opinion holding that we have jurisdiction to review the Court of Appeals’ decision and agree that we should not affirm the Court of Appeals’ judgment on the merits of its analysis under Rule 19 of the Federal Rules of Civil Procedure, I believe the appropriate disposition of this case is to reverse and remand for further proceedings. The District Court and the Ninth Circuit erred by concluding that the New York statute of limitations provides a virtually insuperable obstacle to petitioners’ recovery of the Arelma, S. A., assets, and I therefore agree that this Court should reverse. I would not, however, give near-dispositive effect to the Republic of the Philippines (Republic) and the Philippine Presidential Commission on Good Governance’s (Commission) status as sovereign entities, as the Court does in ordering outright dismissal of the case.
In my judgment, the Court of Appeals should either order the District Judge to stay further proceedings pending a reasonably prompt decision of the Sandiganbayan or order the case reassigned to a different District Judge to conduct further proceedings. There is, of course, a risk of unfairness in conducting such proceedings without the participation of petitioners. But it is a risk that they can avoid by waiving their sovereign immunity, and the record provides a basis for believing that they would do so if the case proceeded before a different judge.
*876 The Republic did not invoke its sovereign immunity until after the District Court denied its motion seeking dismissal or transfer for improper venue, dismissal on act of state grounds, or recusal of the District Judge. App. 9; id., at 2-3 (docket entries). In support of that motion they advanced a factual basis for suspecting that the District Judge’s impartiality could be questioned. Memorandum of Law in Support of the Motions To Dismiss, Transfer or Stay, and for Recusal in Civ. No. CV00-595MLR (D. Haw.), pp. 23-28. These facts demonstrate that the District Judge would likely “have substantial difficulty in putting out of his or her mind previously-expressed views.” California v. Montrose Chemical Corp. of California, 104 F. 3d 1507, 1521 (CA9 1997) (providing the standard for when the Ninth Circuit will reassign a case (internal quotation marks omitted)).
It appears, for example, that the District Judge summoned an attorney representing Merrill Lynch to a meeting in chambers in Los Angeles on September 11,2000, after learning that the Republic and the Commission sought to obtain the Arelma funds from Merrill Lynch. During these proceedings, the District Judge directed Merrill Lynch to file an interpleader action before him in the District of Hawaii and to deposit the Arelma funds with the court, despite the attorney’s argument that New York would likely be the more appropriate forum. See ante, at 859; Tr. 6 (Sept. 11, 2000). Merrill Lynch filed the interpleader on September 14, 2000, and the District Judge sealed the file, making it difficult for other parties to determine the status of the proceedings. See Affidavit of Richard A. Martin in Support of the Motions To Dismiss, Transfer or Stay Submitted by the Republic of the Philippines and the Presidential Commission on Good Government in Civ. No. CV00-595MLR (D. Haw.), ¶¶6-7,11. These actions bespeak a level of personal involvement and desire to control the Marcos proceedings that create at least a colorable basis for the Republic and the Commission’s concern about the District Judge’s impartiality.
*877 Furthermore, following the Republic and the Commission’s motion to dismiss the action on sovereign immunity-grounds, the District Judge decided that they were not “real parties in interest.” See In re Republic of Philippines, 309 F. 3d 1143, 1148 (CA9 2002). The Ninth Circuit reversed and directed the District Judge to enter a stay, id., at 1153; the District Court did so, but vacated the stay within months. While the District Court’s decision to do so was not without some basis, it presumably increased concern about the possibility that the District Judge would not fairly consider the Republic’s position on the merits.
Upon reassignment, the question whether to dismiss the case, to stay the proceedings, or to require the Republic to choose between asserting its sovereign immunity and defending on the merits would be open. The District Judge might wish to hold a hearing to determine whether the Republic and the Commission have a substantial argument that the Republic owned the disputed assets when they were conveyed to Arelma in 1972. While the Court assumes that the Republic’s interest in the Arelma assets is “not frivolous,” ante, at 867, on this record, it is not clear whether the Republic has a sufficient claim to those assets to preclude their recovery by judgment creditors of Marcos. The Republic’s claim to disputed assets may be meritless for reasons unrelated to the potential statute of limitations.
Further, in conducting the balancing inquiry mandated by Rule 19, as interpreted by Justice Harlan’s opinion for the Court in Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U. S. 102 (1968), I would conclude that several facts specific to this case suggest that the Republic and the Commission’s sovereign interests should be given less weight than in the ordinary case. First, in all events, the Republic and the Commission must take affirmative steps in United States courts (or possibly invoke the assistance of the Attorney General to do so, see Brief for United States as Amicus Curiae 27) at some point in order to recover the assets held *878 in the United States. Thus, the sovereign interest implicated here is not of the same magnitude as when a sovereign faces liability; the Republic’s interest is in choosing the most convenient venue and time for the suit to proceed.
Second, in the past two decades, the Republic has participated in other proceedings involving Marcos’ assets in our courts without interposing any objection. Indeed, in 1987 it filed an amicus brief with the Ninth Circuit in the underlying consolidated class action that led to the entry of respondents’ judgment against Marcos; in that brief the Republic urged the Ninth Circuit to reverse the District Judge’s dismissal of two of the cases (later consolidated) under the act of state doctrine and “to allow the Plaintiffs in those two cases to present their evidence of gross human rights violations against Ferdinand Marcos and to pursue justice in U. S. District Court.” App. A to Brief for Respondent Pimentel RA-1.
This was the Republic’s position notwithstanding the fact that any recovery would come from a judgment against Marcos’ assets — assets that the Republic and the Commission now claim to have owned in full from the moment Marcos acquired them. See, e. g., Brief for Republic in Nos. 04-16401 etc. (CA9), p. 9 (“Under Philippine law, assets resulting from the misuse of public office, bribery, corruption, and other such crimes by public officials are forfeit to the Republic from the moment such assets are generated”); Pet. for Republic in No. 0141 (Sandiganbayan) (filed 1991) (seeking forfeiture of a large number of Marcos assets). Even if the Republic believed that Marcos might have some personal assets that were not ill gotten, under the Republic’s theory that amount could not possibly have approached the judgment respondents received. Either the Republic was encouraging futile and purely symbolic litigation, or the Republic believed that other creditors would have access to at least a portion of Marcos’ vast assets.
*879 In sum, I am persuaded that the Court’s judgment today represents a more “inflexible approach” than the Rule contemplates. Provident, 390 U. S., at 107. All parties have an interest in the prompt resolution of the disposition of the Arelma assets. A remand would allow a new judge to handle the matter in an expeditious fashion rather than requiring a brand new proceeding. The Court suggests that Merrill Lynch may file in another District Court — presumably in New York — if it seeks to commence further litigation. See ante, at 873. While this solution would put the matter berfore another District Judge, it requires the initiation of a new proceeding that may unnecessarily delay the final resolution.
Accordingly, I respectfully dissent.